UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| Gerald D. Hestle, | Case No. 05-40245 |
| | Criminal Case No. 02-50030-1 |
| Petitioner, | |
| v. | Sean F. Cox |
| | United States District Judge |
| United States of America, | Michael Hluchaniuk |
| | United States Magistrate Judge |
| Respondent. | |
| _____/ | |

**OPINION AND ORDER
DENYING PETITIONER GERALD HESTLE'S MOTION FOR RECONSIDERATION,
TO ALTER OR AMEND JUDGMENT PURSUANT TO FED.R.CIV.P. 59(e), TO AMEND
PLEADING PURSUANT TO FED.R.CIV.P. 15(c), AND FOR ORAL ARGUMENT
[DOCKET NO. 135]**

On August 16, 2002, Gerald Hestle ("Hestle") was found guilty in a jury trial of possession with intent to distribute 50 grams or more of cocaine base. (Docket No. 130, at 1.) Judgment was entered on December 12, 2002. (Docket No. 38.) He was sentenced to a mandatory life sentence on December 12, 2002, based on the amount of drugs involved and his two prior convictions for felony drug offenses. (*Id.*; Docket No. 130, at 2.)

On November 14, 2012, Hestle filed his Motion for Reconsideration, to Alter or Amend Judgment Pursuant to FED.R.CIV.P. 59(e), to Amend Pleading Pursuant to FED.R.CIV.P. 15(c), and For Oral Argument. (Docket No. 135.) Thus, Hestle has combined four motions, which will be hereinafter referred to as Hestle's Motion for Reconsideration, Motion to Alter or Amend Judgment, Motion to Amend a Pleading, and a Motion for Oral Argument.

1

Hestle's Motion for Reconsideration requests that this Court reconsider its Order Accepting and Adopting Report and Recommendation and Denying Petitioner Hestle's Objections and the subsequent Judgment, which, in effect, denied Hestle's § 2255 petition. (Docket Nos. 132–33.)

Hestle's Motion to Alter or Amend Judgment and Motion to Amend a Pleading assert a new § 2255 claim, ineffective assistance of counsel during plea bargaining. Hestle requests that this Court either alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or grant him leave to amend his § 2255 petition to assert his new claim under Federal Rule of Civil Procedure 15.

For the reasons that follow, this Court **DENIES** Hestle's Motion for Reconsideration, Motion to Alter or Amend Judgment, Motion Amend a Pleading, and Motion for Oral Argument.

## I.     THIS COURT DENIES HESTLE'S MOTION FOR ORAL ARGUMENT

Section 2255(b) provides that:

[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

28 U.S.C. 2255(b).

Furthermore, Rule 8 of the Rules Governing § 2255 Cases requires a judge to review the answer and other materials in the record "to determine whether an evidentiary hearing is warranted." *United States v. Labelle*, 2012 WL 1890915, at * 2 (E.D. Mich. May 24, 2012) (citing R. Gov. § 2254 Cases 8(a)).

2

Having reviewed the pertinent materials in this case, the Court sees nothing at this time that requires factual development at an evidentiary hearing. The Court, therefore, **DENIES** Hestle's Motion for Oral Argument.

Likewise, the Court finds that the issues have been adequately presented in the parties' briefs and that oral argument would not significantly aid the decision making process. *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan. The Court therefore orders that the motion will be decided on the briefs.

## II. THIS COURT DENIES HESTLE'S MOTION FOR RECONSIDERATION

The relevant portions of the procedural history of this action that relate to Hestle's Motion for Reconsideration are outlined in *Hestle v. United States*, 426 Fed. App'x 366 (6th Cir. 2011), as follows:

> The police arrested Gerald Hestle for possession of cocaine with intent to distribute, and the case proceeded to jury trial. During jury voir dire, the prosecutor exercised peremptory strikes of the only two black venire members. Hestle's attorney raised a *Batson* challenge and the prosecutor offered a non-discriminatory basis for the strikes. Hestle's attorney declined to comment or reply. The court overruled the Batson challenge and accepted the prosecutor's strikes.
>
> The jury convicted Hestle and he appealed, raising two claims: Batson and sufficiency of the evidence. A panel of this court affirmed on both claims. *See United States v. Hestle*, 107 F. App'x 500 (6th Cir. 2004). We rejected the *Batson* claim because the defendant's counsel, by making only one insufficient argument in the trial court, 'had not proven purposeful discrimination.' *Id.* at 503. In a separate concurrence, one judge opined that the *Batson* claim failed on appeal only because Hestle's counsel had not argued it sufficiently at trial. *Id.* at 504-05 (Moore, J. concurring).
>
> Hestle then moved the district court to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 and raised five arguments in support of that motion, including a claim that his trial counsel had been ineffective for failing to argue the *Batson* issue more vigorously. The district court referred the motion to a magistrate judge for a Report and Recommendation. The magistrate judge addressed each of Hestle's claims and ultimately advised the district court to deny the motion.
>
> The magistrate judge construed Hestle's § 2255 motion as an improper attempt to re-litigate the Batson issue, noting that Hestle 'cannot use a § 2255

3

> proceeding, in the guise of ineffective assistance of counsel, to relitigate issues decided adversely to him on direct appeal,' quoting *Clemons v. United States*, No. 3:01-cv-496, 2005 WL 2416995, at *2 (E.D. Tenn. Sept. 30, 2005). *Clemons*, however, concerned a sufficiency-of-the-evidence claim, not a *Batson* challenge and success on the ineffective-assistance issue would require rejection of a prior holding on direct appeal . . . .The magistrate judge's reliance on this case law was misplaced.
>
> Hestle's failure to persuade the court of his *Batson* claim on direct appeal did not foreclose a motion to vacate for ineffective assistance in a § 2255 motion, because a finding of ineffective assistance could be consistent with our holding on direct appeal. In *White v. Mitchell*, 431 F.3d 517, 526 (6th Cir. 2005), we held that '[w]hile these two claims are related due to the fact that the ineffective assistance claim is based on the failure to raise a *Batson* challenge, the two claims are analytically distinct.' Therefore, the magistrate judge erred by refusing to consider the ineffective assistance claim on its own merits, and the district court erred by adopting that ruling . . . .
>
> Because the district court erred in its procedural treatment of the underlying ineffective assistance claim, we **REVERSE** and **REMAND** for reconsideration under a proper analysis.

*Id.* at *1–2.

On July 25, 2011, the Sixth Circuit issued its mandate for reconsideration of the *Batson* issue, pursuant to its opinion in *Hestle v. United States*, Case No. 07-2494. (Docket No. 121.) As a result, Hestle's § 2255 Motion was reinstated.

This Court, thereafter, referred the *Batson* issue in Hestle's Motion to Vacate to Magistrate Judge Michael J. Hluchaniuk under 28 U.S.C. § 636(b)(1)(B). (Docket No. 122.)

Magistrate Judge Hluchaniuk issued an extensive thirty-five page Report and Recommendation [Docket No. 130] addressing the *Batson* issue, as required by the Sixth Circuit's Opinion and Mandate. In the Report and Recommendation, Judge Hluchaniuk recommends that this Court **DENY** Hestle's § 2255 Motion.

Petitioner filed his objections to the Report and Recommendation on May 7, 2012. (Docket No. 131.) This Court summarizes Hestle's objections are as follows: (1) Petitioner has shown deficient performance by trial counsel, with regard to the *Batson* issue, and, therefore, prejudice

4

should have been presumed pursuant to *Johnson v. Sherry*, 586 F.3d 439, 445–47 (6th Cir. 2009); (2) even if prejudice is not presumed under *Johnson*, Hestle has shown that there is a reasonable probability that, but for the trial counsel's deficient performance with regard to the *Batson* issue, he would not have been convicted; and (3) Magistrate Judge Hluchaniuk's recommendation in his Report and Recommendation is erroneous and should not be adopted. (Docket No. 131.)

On October 17, 2012, this Court **ADOPTED** Magistrate Judge Hluchaniuk's Report and Recommendation in an Opinion and Order, and this Court, accordingly, **DENIED** the Plaintiff's objections. (Docket No. 132.)

On October 17, 202, this Court entered Judgment **DENYING** the Petitioner's § 2255 Motion, and **DISMISSED WITH PREJUDICE** the Petitioner's 28 U.S.C. § 2255 action. (Docket No. 133.)

On November 14, 2012, Hestle filed his Motion for Reconsideration. (Docket No. 135.) In his Motion for Reconsideration, Hestle only makes the following argument with regard to the *Batson* claim:

> As a separate ground for reconsideration, this Court should reconsider Petitioner's argument that his trial counsel's ineffectiveness in pursing a Batson claim was a structural error under which prejudice is presumed. See R. 128: Petitioner's Supplement to Post-Appeal Brief, pp. 1-2 (citing United States v. Kimbrel, 532 F.3d 461, 468-69 (6th Cir. 2008)) and R. 131: Petitioner's Objections to Report and Recommendation, pp. 1-2 (citing Johnson v. Sherry, 586 F.3d 439, 445-47 (6th Cir. 2009), cert. denied, 131 S.Ct 87 (2010)). See *also* United States v. McAllister, 693 F.3d 572, 582 n.5 (6th Cir. 2012) (discussing Batson errors as structural).
> Although this Court in its order acknowledges Petitioner's citation to Johnson, supra, the Court never squarely addresses the argument that ineffective assistance in this context should be considered structural error. R. 132: Order Accepting and Adopting Report and Recommendation, p. 3). This Court should hold that under the circumstances of this case Petitioner is not required to make a specific showing of prejudice.

5

(Docket No. 135, at 7–8.)

This Court disagrees with Hestle's assertion that it did not "squarely address[] the argument that ineffective assistance in this context should be considered structural error." (*Id.* at 8.) This Court **ADOPTED** the Report and Recommendation filed by Magistrate Judge H Hluchaniuk. The Court directed Hestle to the Report and Recommendation in its Order Accepting and Adopting Report & Recommendation and Denying Petitioner Hestle's Objections [Docket No. 132] and the Judgment [Docket No. 133], which stated: "For the reasons set forth in a Report and Recommendation issued on April 23, 2012, and an Order issued this date, **IT IS ORDERED**, **ADJUDGED, AND DECREED** that Petitioner's Motion to Vacate the Sentence is **DENIED**." (Docket No. 133.) (emphasis added).

Furthermore, in the Order Accepting and Adopting Report & Recommendation and Denying Petitioner Hestle's Objections [Docket No. 132], this Court, after considering Hestle's argument under *Johnson v. Sherry*, 586 F.3d 439, 445–47 (6th Cir. 2009), stated that: "[t]his Court finds no reason nor does Hestle provide any sufficient argument or case law suggesting that the Magistrate Judge Hluchaniuk's recommendation is erroneous and should not be adopted." (Docket No. 132, at 3.)

With regard to Hestle's structural error argument, the Report and Recommendation states in relevant part:

> Petitioner also argues that prejudice need not be shown under these circumstances because *Batson* errors are 'structural' and prejudice is presumed. In *United States v. Kimbrel*, 532 F.3d 461, 468-69 (6th Cir. 2008), the case relied on by petitioner for this contention, the court examined, on direct appeal, an allegation of *Batson* error regarding a government challenge to the defendant's peremptory challenge of a prospective juror. In finding reversible error, the court rejected consideration of a harmless-error analysis stating that such an analysis only applies to 'trial errors,' which may be 'quantitatively assessed in the context of other

6

> evidence presented in order to determine whether its admission was harmless beyond a reasonable doubt.' Structural errors, however, affect the "entire conduct of the trial from beginning to end" and are not subject to a harmless-error analysis. *Id.* quoting *Arizona v. Fulminate*, 499 U.S. 279, 307-08 (1991). *Kimbrel* noted that Sixth Circuit precedent established that *Batson* errors are structural errors. 532 F.3d at 469, relying on *United States v. McFerron*, 163 F.3d 952, 955-56 (6th Cir. 1998). The government opposes petitioner's argument in this regard.
>
> Petitioner correctly states the significance of *Kimbrel*, but *Kimbrel* only applies once the Court has arrived at the destination of a *Batson* violation. The *Strickland* component of the present analysis requiring the Court to navigate that route before applying *Kimbrel* and *Strickland* means that prejudice has to be demonstrated. To petitioner's credit, he pointed to *Davidson v. Gengler*, 852 F. Supp. 782, 785-88 (W.D. Wis. 1994), on which the government relies in opposing petitioner's argument. The *Davidson* court noted that there are some instances, such as the complete absence of counsel, where prejudice must be presumed in a *Strickland* analysis, but that 'the failure to raise a *Batson* objection does not suggest an equally high probability of the existence of prejudice [in part because] all *Batson* objections [do not] have merit.' *Id.* 'Applying *Strickland* to the jury selection process would require a criminal defendant to prove that if the *Batson* objection had been made there was a 'reasonable probability' it would have been sustained and that the trial judge would have taken curative action before the trial began.' *Id.*
>
> More recently, the Eleventh Circuit addressed an ineffective assistance of counsel claim in a petition under 28 U.S.C. § 2254 where trial counsel had failed to object to the partial closing of the courtroom during the testimony of a victim in a child molestation case. In *Purvis v. Crosby*, 451 F.3d 734 (11th Cir. 2006), the court ruled that while the improper closing of a courtroom during a trial was a 'structural' error it 'is one thing to recognize that structural errors and defects obviate any requirement that prejudice be shown on direct appeal and rule out an application of the harmless error rule in that context [but it] is another matter entirely to say that they vitiate the prejudice requirement for an ineffective assistance claim.' *Id.* at 740. This decision was based on the court's conclusion that *Strickland* carved out only three exceptions to the prejudice requirement and those exceptions are 'actual or constructive denial of counsel altogether, certain types of state interference with counsel's assistance, and conflicts of interest.' *Id.* at 741. None of those exceptions apply to these circumstances. The Sixth Circuit, in an unpublished decision, determined that prejudice has to be established to show a *Batson* violation on a § 2255 petition. *Taylor v. United States*, 279 Fed.Appx. 368; 2008 WL 2224805 (6th Cir. 2008). Prejudice will not be assumed in this analysis.

(Docket No. 130, at 30–32.)

Thus, the Report and Recommendation "squarely addresses" Hestle's arguments under *Kimbrel*. In his objection, the Plaintiff cites to *Johnson v. Sherry*, 586 F.3d 439, 445-47 (6th Cir.

2009), without providing any argument how that case changes the structural error analysis in the Report and Recommendation.

Likewise, Hestle, in his Motion for Reconsideration, cites to *United States v. McAllister*, 693 F.3d 572, 582 n.5 (6th Cir. 2012), and fails to provide any argument how that case changes the structural error analysis in the Report and Recommendation.

This Court was not convinced that *Johnson* requires courts, when considering motions to vacate sentences brought under § 2255, to consider *Batson* challenges as establishing prejudice "per se" in the context of a *Strickland* ineffective assistance of counsel claim. (Docket No. 132, at 3.) Hestle's citation to *McAllister* is inapposite, as well. As the Government states in its response to this motion, Hestle "adds nothing to his previous objection on that point, which was rejected by the Court.]" (Docket No. 137, at 3.) This Court agrees with that assertion. Hestle has not shown a "palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled . . . [, nor has he shown] that correcting the defect will result in a different disposition of the case." Rule 7.1(h)(3), Eastern District of Michigan, Local Rules; *see also* Rule 12.1(a), Eastern District of Michigan, Local Rules.

The only argument that Hestle makes with regard to *Johnson* in his objection is as follows: "In addition to the authorities already cited by Petitioner, see Johnson v. Sherry, 586 F.3d 439, 445–47 (6th Cir. 2009), cert. denied, 131 S.Ct. 87 (2010) (presuming prejudice in an analogous ineffective assistance context involving "structural error")." (Docket No. 131, at 2.) *Johnson* did not involve a *Batson* challenge. Instead, that case dealt with two issues: (1) whether the defendant's Sixth Amendment right to a public trial was violated when the court closed the courtroom during the testimony of three prosecution witnesses; and (2) whether trial counsel was constitutionally

8

ineffective for failing to object to the closure. *Johnson*, 586 F.3d at 443. The Sixth Circuit recognized that the denial of a right to a public trial is considered structural error for which prejudice is presumed. *Id.* at 444. But, despite this holding, the Sixth Circuit still recognized that Johnson was still required to establish the prejudice prong to establish his ineffective assistance of counsel claim. Specifically, the Sixth Circuit stated that "[i]f Johnson can establish that counsel's performance was deficient, he will also be required to demonstrate that he was prejudiced by the error. *Id.* at 446–47 (citing *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052) ("requiring a showing of prejudice to establish ineffective assistance of counsel"). The fact that the error may have been structural did not eliminate Johnson's burden to establish the prejudice under *Strickland.*

Likewise, this Court is not convinced that *McAllister* changes the analysis outlined in the Report and Recommendation in any way. Although that case remanded the *Batson* issue to the district court to engage in a more thorough analysis of the third step of the *Batson* challenge because the District Court "perfunctorily accept[ed] the prosecutor's race-neutral explanation and combin[ed] steps two and three," the Sixth Circuit declined to consider McAllister's ineffective assistance of counsel claim because "[t]he record [was]. . . not well-developed to decide if defense counsel's performance was deficient, or whether there is a reasonable probability that, but for the omissions of defense counsel, the result of the proceedings would have been different." *McAllister*, 693 F.3d at 581, 586. Thus, in its holding, the Sixth Circuit did not suggest that because *Batson* errors are structural, this eliminates the requirement under *Strickland* that a defendant must establish prejudice.

In his Motion for Reconsideration, Hestle cites to footnote 5 in *McAllister*, which states in relevant part:

9

> The dissent seems to concede that the district court erred, but would affirm the district court under a plain error review. 'Plain error' is a clear or obvious error that affects the defendant's substantial rights and 'seriously affects the fairness, integrity, or public reputation of judicial proceedings.' *Johnson v. United States*, 520 U.S. 461, 467, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997) (internal quotation marks and citations omitted). The dissent would conclude that the district court's error did not adversely affect McAllister's substantial rights or seriously affect the fairness and integrity of the judicial proceedings. We disagree. Even a plain error review is no obstacle to relief in this case. *Batson* errors are structural errors that are not subject to harmless-error review. *Kimbrel*, 532 F.3d at 469 (citing *United States v. McFerron*, 163 F.3d 952, 955-56 (6th Cir.1998)). When the error in question is structural, the defendant is not required to show that the putative error affected his substantial rights. See *United States v. Barnett*, 398 F.3d 516, 526 (6th Cir. 2005). Moreover, Batson errors represent a violation of the right to equal protection of the laws, which itself does damage to the fairness, integrity, and public reputation of judicial proceeding . . . .

*McAllister*, 693 F.3d at 583 n. 5. Footnote five does not address the prejudice prong of the *Strickland* analysis, instead, it dealt with the issue of whether *Batson* errors are subject to harmless error review.

In *Taylor v. United States*, the Sixth Circuit rejected a similar argument that Hestle advances in his objection to the Report and Recommendation and in his Motion for Reconsideration, stating in relevant part:

> Taylor argues that his attorney's failure to renew the *Batson* challenge before the jury was seated denied him his Sixth Amendment right to the effective assistance of counsel. A defendant claiming he was denied his constitutional right to receive reasonably effective assistance of counsel must demonstrate both that his attorney's conduct was constitutionally deficient and that he was prejudiced by the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
>
> Assuming without deciding that the *Batson* challenge was made untimely and that counsel was therefore deficient, it is clear that Taylor suffered no prejudice because the district court ruled that it would have denied the *Batson* objection even if it had been timely asserted. To establish that he was prejudiced by his counsels error, Taylor 'must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052. Since the untimeliness of the objection

did not affect the outcome of the proceeding, we conclude that Taylor was not denied effective assistance of counsel, and accordingly affirm the district court's judgment.

279 F. App'x 368, 369 (6th Cir. 2008). Thus, the Sixth Circuit concluded that even if a *Batson* challenge was untimely, counsel still was required to establish prejudice under *Strickland* regardless of whether or not a *Batson* error is structural.

All of Hestle's arguments in his Motion for Reconsideration merely present the same issues already ruled upon by this Court, contrary to Local Rule 7.1(h)(3). Regardless, for the reasons aforementioned, all of Hestle's arguments lack merit. Accordingly, this Court **DENIES**, Hestle's Motion for Reconsideration [Docket No. 135].

## III. THIS COURT DENIES HESTLE'S MOTION TO ALTER OR AMEND JUDGMENT AND MOTION TO AMEND A PLEADING

In support of his Motion to Alter or Amend Judgment and Motion Amend a Pleading, Hestle contends that the United States Supreme Court recently issued two opinions establishing a new constitutional right to effective assistance of counsel during plea bargaining, *Missouri v. Frye*, --U.S. --, 132 S.Ct. 1399 (2012), and *Lafler v. Cooper*, -- U.S. --,132 S.Ct. 1376 (2012). (Docket No. 135, at 4.) Hestle asserts that he has a claim under those cases because he was denied effective assistance of counsel during plea bargaining. (*Id.* at 6.) In support of his claim, Hestle contends "that he would have accepted the Government's [plea] offer (including a promise of other cooperation) if he had been advised of the fact that his cooperation would not include testifying against his brother." (*Id.*)

In support of his assertion that he can make this new claim, Hestle provides the following argument:

> The following section will address why this is appropriate procedurally . . . .
> Howard v. United States, 533 F.3d 472 (6th Cir. 2008), also a proceeding under §2255, lays out the framework of Petitioner's argument. In Howard, procedurally the same as the instant case, the Sixth Circuit approved the same path

11

> as that proposed by Petitioner. First, Fed.R.Civ.P. 59(e) provides that '[a] motion to alter or amend a judgment must be filed no later than 28 days after entry of the judgment.' It is, in effect similar to Local Rule 7(h), which provides for 'rehearing or reconsideration.' See Howard, supra, 533 F.3d at 475.
>
> As in Howard, Petitioner turns to Fed.R.Civ.P. 15(c) ("Relation Back of Amendments") in order to pursue a claim that would otherwise be outside of the one-year statute of limitations under 28 U.S.C. §2255(f). Rule 15(c)(1)(B) provides that '[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out - - or attempted to be set out - - in the original pleading[.]' See Mayle v. Felix, 545 U.S. 644, 664 (2005) (relation back appropriate where proposed amendment arises from 'common core of operative facts').
>
> Here, Petitioner's claim - - that Mr. Van Norman knew or should have known that Cedric Hestle had pled guilty and should have told Petitioner - - arose out of the same core of operative facts as the above-described Cedric Hestle issue raised as Ground II in the original §2255 motion. (R. 81: Memorandum of Law, pp 5-6 of 17). As noted by the Supreme Court, "relation back [is] ordinarily allowed 'when the new claim is based on the same facts as the original pleading and only changes the legal theory." Mayle, supra, 545 U.S. at 664 n.7 (quoting Moore's Federal Practice (3d ed. 2004)). As in Howard, Petitioner should be permitted to proceed under Rules 59(e) and 15(c).

(*Id.* at 6–7.)

Title 28, United States Code, Section 2255 provides that a "1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

> the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . .

28 U.S.C. § 2255(f)(3).

This Court does not agree with Hestle's assertion that the Supreme Court just recently established a new constitutional right to effective assistance of counsel during plea bargaining. That right existed prior to his conviction.

*Lafler* and *Frye* held that the Sixth Amendment right to counsel is violated when a defendant is subject to a harsher sentence because of his or her attorney's constitutionally deficient advice to

reject a plea bargain or as a result of his or her attorney's failure to inform him or her of a plea offer from the government. *See Lafler*, 132 S.Ct. at 1383, 1390–91; *Frye*, 132 S.Ct. at 1404, 1410–11. Neither decision announced a "newly recognized" right.

The Supreme Court, in granting relief in *Lafler* an Frye, was rather explicit that it was not creating a new right, but applying the existing right to effective assistance of counsel and test from *Strickland*. In both *Frye* and *Cooper*, the Supreme Court said: "[T]he prosecution and the trial courts may adopt some measures to help ensure against late, frivolous, or fabricated claims after a later, less advantageous plea offer has been accepted or after a trial leading to conviction" with resulting harsh consequences. *Lafler*, 132 S.Ct. at 1390; *Frye*, 132 S.Ct. at 1408–09.

Furthermore, the majority of the circuits are in accord that *Lafler* and *Frye* do not establish a new right for the purposes of § 2255. *See Williams v. United States*, Case No. 12-2659, WL 238877, *1 (8th Cir. 2013)("We therefore conclude, as have the other circuit courts of appeals that have addressed the issue, that neither Cooper nor Frye announced a new rule of constitutional law."); *Buenrostro v. United States*, 697 F.3d 1137, 1140 (9th Cir.2012); *In re King*, 697 F.3d 1189 (5th Cir.2012) (per curiam); *Hare v. United States*, 688 F.3d 878, 879–80 (7th Cir.2012); *In re Perez*, 682 F.3d 930, 932–34 (11th Cir. 2012); *United States v. Lawton*, Case No. 12-3240, 2012 WL 6604576 (10th Cir. 2012); *see also United States v. Ocampo*, 2013 WL 317621 (E.D. Mich. 2013) ("The right recognized by the Supreme Court in *Laffer v. Cooper* and *Missouri v. Frye* did not announce a 'newly recognized' right made retroactively applicable to cases on collateral review.").

Hestle also seeks to amend his § 2255 motion based on the Sixth Circuit's holding in *Howard v. United States*, 533 F.3d 472 (6th Cir. 2008).

Federal Rule of Civil Procedure 15(c)(1)(B) provides that pleading amendments relate back to the date of the original pleading when the claim asserted in the amended plea "arose out of the conduct, transaction, or occurrence set out -- or attempted to be set out -- in the original pleading." FED. R. CIV. P. 15(c)(1)(B).

A Rule 15 motion to amend pleadings is subject to the Antiterrorism and Effective Death Penalty Act's ("the AEDPA") one-year statute of limitations. *See* 28 U.S.C. § 2244(d); 28 U.S.C. § 2255(f). "Consequently, a Rule 15 motion will be denied where it is filed after that period expires unless the proposed amendment relates back to the date of the original pleading within the meaning of Rule 15(c)(2). *See Howard*, 533 F.3d at 475–76 (citing *Wiedbrauk v. Lavigne*, 174 Fed. App'x. 993, 1001–02 (6th Cir. 2006); *Oleson v. United States*, 27 Fed. App'x. 566, 571 (6th Cir. 2001)).

"Given AEDPA's 'finality' and 'federalism' concerns, it would be anomalous to allow relation back under Rule 15(c)(2) based on a broader reading of the words 'conduct, transaction, or occurrence' in federal habeas proceedings than in ordinary civil litigation." *Mayle v. Felix*, 545 U.S. 644, 663, 125 S.Ct. 2574, 162 L.Ed.2d 582 (2005) (internal citations omitted).

"A claim that 'asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth' will not so relate back. Importantly, this limitation applies whether the Rule 15 motion is filed prior to entry of final judgment, or immediately after judgment in connection with a Rule 59(e) motion." *Howard*, 533 F.3d at 475 (quoting *Mayle*, 545 U.S. at 650, 125 S.Ct. 2562, 162 L.Ed.2d 582). "So long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order." *Mayle*, 545 U.S. at 664, 125 S.Ct. at 2574.

"Rule 59(e) motions cannot be used to present new arguments that could have been raised prior to judgment." *Howard*, 533 F.3d at 475 (citing *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir.2007); *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir.1998). Rule 59(e) does not permit parties to effectively "re-argue a case." *Id.* (quoting *Sault Ste. Marie Tribe*, 146 F.3d at 374).

In Grounds II in his § 2255 petition, Hestle alleges that his trial counsel was ineffective for failing to call Hestle's co-defendant and brother, Cedric Hestle, as a witness. In support of his claim, Hestle states as follows:

> Petitioner's counsel was ineffective for his failure to follow the express instruction of Petitioner to call a 'material-witness' Cedric Hestle. Jones v. Barnes, 463 U.S. 745, 751–52 (1983) (an attorney's conduct is deficient if he is not following his client's instructions). Cedric Hestle would have testified that the drugs recovered from 2033 Ferris Ave., Flint, Mich were his and not Petitioner's. See Exhibit - B. See also cf. Towns v. Smith, 395 F.3d 251, 258–59 (6th Cir. 2005) (Courts have not hesitated to find ineffective assistance in violation of the Sixth Amendment when counsel fails to conduct a reasonable investigation into one or more aspects of the case and when that failure prejudices his or her client [as it did in the case at bar because Cedric testimony could have exonerated Petitioner]); Clarksdale, 375 F.3d at 443 (collecting cases in which counsel's failure to a potentially important witness [as counsel failed to do in the case at bar] constituted ineffective assistance). Petitioner does satisfy both the deficient and prejudice prongs of Strickland, 446 U.S. at 688 because counsel's representation 'fell below a standard of reasonableness. And that there is 'a reasonable probability that, but for counsel's unprofessional errors, [of failing to call Cedric Hestle, an important-witness] the result of the proceeding would have been different.' Id. at 694.

(Docket No. 81, at 5–6.)

To advance Ground II in his § 2255 motion, Gerald Hestle pointed to an November 17, 2006, affidavit signed by Cedric Hestle, stating: "If called to testify at my b[r]other's trial, I would have testified that my b[r]other was not involved in the charged offenses. If called to testify at any current

15

proceeding, I will testif[ed] that my b[r]other was not involved in the charged offenses." (Docket No. 98, at 9.)

To counter the assertions made in Cedric Hestle's affidavit and to establish that Gerald Hestle's counsel was not ineffective for failing to call his brother to testify, the Government pointed to a series of affidavits signed by Cedric Hestle asserting that he worked for his brother selling cocaine, that the drugs in this action belonged to both him and Gerald Hestle, and that the firearms belonged to only Gerald Hestle. (*Id.* at 9–10.)

This Court concluded that Gerald Hestle has not shown prejudice under *Strickland* because "[h]ad any reasonable defense counsel been aware of [the affidavits] such counsel would have strongly advised against calling [Cedric Hestle]. With Gerald Hestle's claim that he lied to the agents to protect his brother Cedric Hestle, the government would argue to the jury that – now that Cedric Hestle had pled guilty – that was Cedric Hestle's reciprocal 'kindness' of lying to protect his brother Gerald Hestle." (*Id.*; Docket Nos. 103–04.)

Hestle's claim that he advances in this motion is factually distinct from Ground II, and should have made in his § 2255 petition. The facts in his new claim differ in both time and type from those set forth in the original pleading. Grounds II deals with the alleged "ineffectiveness" of Hestle's counsel in failing to call his brother as a witness, while the new claim that he advances involves his counsel's alleged "ineffectiveness" in failing to inform him that his brother pleaded guilty. Despite the fact that both claims are ineffective assistance of counsel claims, this Court does not see any factual relationship between these claims; these claims do not arise out of a common core of operative fact. Furthermore, the facts underlying these claims occurred at different stages in this action–one occurring during the plea bargaining stage and the other occurring during trial.

16

Hestle advances an argument that the facts underlying these claims are of the same time and type because both claims relate to the alleged "ineffectiveness" of his counsel. The cases that Hestle cites to clearly state that it is the underlying facts that matter for the purposes of relating back, not the nature of the legal claims advanced. If this Court were to accept Hestle's argument and hold that his new claim relates back, for the purposes of Rule 15, simply because Hestle's counsel was ineffective, than Hestle can simply assert any claim is factually the same time and type for purposes of Rule 15 by merely asserting it under the guise of an ineffective assistance of counsel claim.

Likewise, for the aforementioned reasons, for the purpose of Rule 59(e), this Court holds that Hestle is advancing a new claim in an attempt to reargue his case.

## CONCLUSION AND ORDER

**IT IS ORDERED** that Hestle's Motion for Reconsideration, Motion to Alter or Amend Judgment, Motion to Amend a Pleading and Motion for Oral Argument are **DENIED** [Docket No. 135].

**IT IS SO ORDERED**.

        S/Sean F. Cox
        Sean F. Cox
        United States District Judge

Dated: March 19, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 19, 2013, by electronic and/or ordinary mail.

        S/Jennifer McCoy
        Case Manager