# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| Gerald D. Hestle, | Case No. 05-40245 |
| | Criminal Case No. 02-50030-1 |
| Petitioner, | |
| v. | Sean F. Cox |
| | United States District Judge |
| United States of America, | Michael Hluchaniuk |
| | United States Magistrate Judge |
| Respondent. | |
| _____/ | |

# ORDER
# DENYING CERTIFICATE OF APPEALABILITY

This matter is currently before the Court for a decision as to whether the Court should grant or deny a certificate of appealability to Petitioner Gerald D. Hestle ("Hestle"). For the reasons set forth below, the Court shall **DENY** a certificate of appealability with regard to Hestle's claims of ineffective assistance for his trial counsel's alleged (1) failure to properly litigate Hestle's *Batson* challenges and (2) failure to properly advise Hestle during plea negotiations.

## BACKGROUND

In Criminal Case No. 02-50030, following a jury trial before the Honorable Paul V. Gadola, Hestle was found guilty of possession with intent to distribute 50 grams or more of cocaine base on August 16, 2002. (Docket No. 130, at 1.) On December 12, 2002, Hestle was sentenced to a mandatory life sentence based on his two prior convictions for felony drug offenses. (*Id.*)

On August 1, 2005, Hestle filed a motion to vacate his sentence pursuant to § 2255. (Docket Entry No. 74.) On November 21, 2006, this matter was referred to United States Magistrate Judge

1

Steven D. Pepe.[1]  (Docket Entry No. 91.)  On May 30, 2007, Magistrate Judge Pepe filed a Report and Recommendation, stating that Hestle's § 2255 motion should be denied.  (Docket Entry No. 98.) Hestle filed his objections on September 17, 2007.  (Docket Entry No. 102.) On November 2, 2007, District Court Judge Gadola denied Hestle's § 2255 motion and entered Judgment.  (Docket Entry Nos. 103–04.)

On November 28, 2007, Hestle filed his Notice of Appeal. (Docket Entry No. 105.)  On June 11, 2008, this action was reassigned from District Judge Gadola to this Court.  (Docket Entry No. 112.)  On June 16, 2008, this Court ordered that Hestle is not entitled to a certificate of appealability. (Docket Entry No. 113.)

On or around November 18, 2008, the Sixth Circuit granted Hestle's application for a certificate of appealability as to the following claims: (1) whether trial counsel rendered ineffective assistance by failing to challenge adequately the prosecution's peremptory strikes of two African-American veniremen; and (b) whether appellate counsel rendered ineffective assistance by failing to file a petition for a writ of certiorari despite a specific request.  (Docket Entry No. 115.)  On June 2, 2011, the Sixth Circuit reversed and remanded for reconsideration of Hestle's ineffective assistance claim based on Hestle's *Batson* challenges with regard to the two African-American veniremen.  (Docket Entry No. 117.)

---

[1]On August 26, 2005, Judge Gadola referred the § 2255 Motion to Magistrate Judge R. Steven Whalen for a report and recommendation pursuant to 28 U.S.C. § 636(B)(1)(B). (Docket Entry No. 79). On September 13, 2005, Judge Gadola issued an amended order that vacated the referral to Magistrate Judge Whalen and referred the § 2255 Motion to Magistrate Judge Wallace Capel, Jr. (Docket Entry No. 82). On or around November 29, 2006, "Notice to Counsel Regarding Reassignment of Magistrate Judge" was issued by the Clerk of the Court advising that, pursuant to an administrative order, the § 2255 Motion was being reassigned from Magistrate Judge Capel to Magistrate Judge Steven Pepe.  (Docket Entry No. 90.)

On August 4, 2011, this matter was referred to Magistrate Judge Michael J. Hluchaniuk. (Docket Entry No. 122.) A motion hearing was held on January 5, 2012. On April 23, 2012, Magistrate Judge Hluchaniuk filed a Report and Recommendation, recommending that this Court deny Hestle's § 2255 motion. (Docket Entry No. 130). On October 17, 2012, this Court entered an opinion and order adopting and accepting Magistrate Judge Hluchaniuk's report and recommendation and denying Hestle's § 2255 motion. (Docket Entry No. 132.)

On November 14, 2012, Hestle filed a "Motion for Reconsideration, to Alter or Amend Judgment Pursuant to FED. R. CIV. P. 59(e), to Amend Pleading Pursuant to FED. R. CIV. P. 15(c), and for Oral Argument." (Docket Entry No. 135.) In his motion, Hestle requested that this Court reconsider the October 17th opinion and order denying his § 2255 motion. (*Id.* at 7–8.) In addition, Hestle requested that this Court allow him to amend his § 2255 motion and/or amend judgment in consideration of a new claim that Hestle advanced based on the theory that Hestle's trial counsel provided ineffective assistance during the plea bargaining stage of this action. (*Id.* at 3–7.)

On March 19, 2013, this Court entered an opinion and order denying Hestle's motion for reconsideration and motion to alter or amend judgment. (Docket Entry No. 139.)

On May 15, 2013, Hestle filed a Notice of Appeal, seeking to appeal this Court's denial of his § 2255 motion in the United States Court of Appeals for the Sixth Circuit. (Docket Entry No. 141.)

On that same day, Hestle filed a motion requesting that this Court grant a certificate of appealability in this matter with regard to Hestle's ineffective assistance claims "for [his trial counsel's alleged] (1) fail[ure] to properly litigate his *Batson* claim, and (2) fail[ure] to properly advise him regarding plea negotiations." (Docket Entry No. 140, at 6–7.)

**ANALYSIS**

For the reasons set forth above, as well as for the reasons set for in the Order Accepting and Adopting the Report and Recommendation [Docket Entry No. 132] and Opinion and Order Denying Hestle's Motion for Reconsideration and to Alter/Amend Judgment [Docket Entry No. 139], the Court concludes that Hestle is not entitled to habeas relief.

A certificate of appealability must issue before a petitioner such as Hestle may appeal the district court's denial of his § 2255 Motion. 28 U.S.C. § 2253(c)(1)(B); FED. R. APP. P. 22(b).

Section 2253 provides that a certificate of appealability may issue only if a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). As the United States Supreme Court has explained this standard:

> . . . the petitioner need not show that he should prevail on the merits. He has already failed in that endeavor. Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further.

*Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983). As the Supreme Court has more recently stated, "[w]here a district court has rejected the constitutional claim on the merits, the showing required to satisfy 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

If a certificate of appealability is issued by a district court, it must indicate which specific issue or issues satisfy the required showing. 28 U.S.C. § 2253(c)(3).

After careful consideration, the Court concludes that reasonable jurists would not find the Court's assessment of Hestle's claims debatable or wrong. The Court shall therefore decline to issue a certificate of appealability.

## CONCLUSION AND ORDER

Accordingly, **IT IS ORDERED** that the Court **DENIES** a certificate of appealability with regard to Hestle's claims of ineffective assistance for his trial counsel's alleged (1) failure to properly litigate Hestle's *Batson* challenges and (2) failure to properly advise Hestle during plea negotiations.

**IT IS SO ORDERED**.

    S/Sean F. Cox
    Sean F. Cox
    United States District Judge

Dated: June 6, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 6, 2013, by electronic and/or ordinary mail.

    S/Jennifer McCoy
    Case Manager